UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KIMMARIE NORMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff<br><br>- against -<br><br>2308 ASSOCIATES LLC,<br><br>                              Defendant | 22 Civ. 3170<br><br>**COMPLAINT**<br><br><br>Plaintiff Demands Trial by Jury |

Plaintiff, Kimmarie Norman, by and through her counsel, James E. Bahamonde, Esq. from the Law Offices of James E. Bahamonde, PC respectfully alleges against Defendant:

## STATEMENT OF CLAIM

1. In violation of well-settled, 30-year-old law, Defendant has made a financial decision not to remove unlawful architectural barriers which exist at its public accommodation. Instead, Defendant has chosen to follow a policy to exclude Plaintiff and all other disabled persons, who use wheelchairs and scooters, from having access to and use of their public accommodation.

2. Plaintiff files this action on behalf of herself and as an action for those similarly situated, complaining of violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182 *et seq.*, New York State Civil Rights Law § 40-c and 40-d, New York State Human Rights Law § 296 *et seq.*, and New York City [Administrative Code] Human Rights Law § 8-107 *et seq.*

3. Plaintiff seeks damages, declaratory and injunctive relief, as well as fees and costs against the Defendant.

## VENUE AND JURISDICTION

4. That at all times hereinafter mentioned, Plaintiff is now, and at all times mentioned in this complaint, a resident of New York, NY the Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the Americans with Disabilities Act ("ADA").

5. The Court has supplemental jurisdiction over Plaintiff's allegations arising from Defendant's state and local law violations pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, alleged herein, occurred in this district.

## PARTIES

7. That at all times hereinafter mentioned, Plaintiff is now, and at all times mentioned in this complaint, a resident of New York County , New York.

8. Defendant 2308 Associates LLC is a New York domestic limited liability company authorized by the Secretary of the State of New York to do business in New York State with its principal County of business designated as Nassau County.

9. The jurisdiction of this court is invoked pursuant to 28 U.S.C. Sections 1331 and 2201 and through the Americans with Disabilities Act, 42 U.S.C.A. § 12181 et seq.

## CLASS ACTION

10. Plaintiff brings this suit for declaratory and injunctive relief and, as a class action for all those similarly situated, who, as persons who must use a wheelchair by reason of various disabilities, and who use or desire to use the services and accommodations offered to the public by Defendant, are protected by, and are beneficiaries of the ADA and New York State Law.

2

11. Plaintiff, complaining for herself and all other residents in the City of New York and State of New York, similarly situated, alleges: (a) the class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable; (b) there are questions of law or fact common to the class which predominate over any questions affecting only individual members; (c) the claims or defenses of the representative parties are typical of the claims or defenses of the class; (d) the representative parties will fairly and adequately protect the interests of the class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## STATUTORY SCHEME

12. The 2020 United States Census indicates that more than 61 million persons in the United States have a disability. More than 535,000 New York City residents live with an ambulatory disability.

13. Pursuant to the ADA, New York State Human Rights Law, and New York City Human Rights Law, individuals with disabilities are a protected class.

14. It is unlawful for a private entity which owns, leases to or operates a place of public accommodations to discriminate against an individual with a disability.

15. The ADA, New York State Human Rights Law, and New York City Human Rights Law requires a public accommodation to be readily accessible to and usable by a disabled individual.

16. Construction and accessibility alterations made on or after March 15, 2012 must comply with the 2010 ADA Standards for Accessible Design. *See* 28 CFR Part 36 Subpart D and ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendices B and D. (The 2010 ADA Standards for Accessible Design are hereinafter referred to as "2010 Standards").

17. Construction and accessibility alterations commenced after January 26, 1992, and before

3

September 15, 2010, must comply with the 1991 ADA Accessibility Standards. *See*, 28 CFR Part 36 Appendix A. (The 1991 ADA Accessibility Standards are hereinafter referred to as "1991 Standards").

18. If a public accommodation is altered in the manner that affects or could affect the usability of the public accommodation thereof, it must make alterations in such a manner that, to the maximum extent feasible, the altered portions of the public accommodation are readily accessible to and usable by individuals with disabilities.

19. Where a public accommodation undertakes an alteration that affects or could affect usability of or access to an area of the public accommodation containing a primary function, the entity shall also make the alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities.

20. All public accommodations have a continuous legal obligation to remove all readily achievable barriers which denies a disabled individual with the opportunity to participate in or benefit from services or accommodations.

21. Failure to remove all readily achievable architectural barriers is defined as disability discrimination in violation of the ADA. *See* 42 U.S.C. § 12182(b)(2)(A)(iv).

22. The ADA requires public accommodations to make reasonable modifications to the policies, practices, or procedures to afford access to persons with disabilities that is equal to the access afforded to individuals without disabilities.

23. If changes are made in the main use or dominant occupancy of such building, Defendant must implement accessibility features and construction to the entire building, as if the building were hereinafter erected, including direct unobstructed access from the sidewalk to the entrance.

24. Public accommodation located in the City of New York must comply with the Building Code of the City of New York (hereinafter referred to as "BCCNY"). Where BCCNY and ADAAG differ, the standard that provides greater or equal protection for the right of individuals with disabilities shall prevail.

25. The landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation have a non-delegable duty to comply with the ADA and New York City Human Rights Law.

26. The landlord and owner of a property which houses a public accommodation are liable for their tenant's failure to comply with the ADA, New York City Human Rights Law or New York State Human Rights Law. Property leases which contain contradictory language is superseded by the ADA.

27. Discriminatory intent is not required to establish liability under ADA, New York City Human Rights Law, and New York State Human Rights Law.

## FACTUAL BACKGROUND

28. Plaintiff is paralyzed and cannot walk. As a result, she uses a wheelchair for mobility.

29. Defendant 2308 Associates LLC owns a commercial property which houses the public accommodation located at 501 W. 161st Street, New York, NY 10032 (hereinafter "public accommodation").

30. Defendant 2308 Associates LLC operates a place of public accommodation located a 501 W. 161st Street, New York, NY 10032 within the meaning of 28 CFR 36.104.

31. Defendant 2308 Associates LLC leases the commercial space located at 501 W. 161st Street, New York, NY to the public accommodations named Christian Brokerage Inc. and La Oaxaquena Deli Grocery, Inc..

32. Christian Brokerage Inc. owns or operates a public accommodation located at 501A W. 161st Street, New York, NY 10032.

33. La Oaxaquena Deli Grocery, Inc. owns or operates a public accommodation located at 501 W. 161st Street, New York, NY 10032.

34. The floor elevation of the immediate entrance of the public accommodation is within 18 inches of the sidewalk.

35. Upon information and belief, since 1992, Defendant's public accommodation has undergone alterations to the areas which affects or could affect access to or usability of its place of public accommodation.

36. Upon information and belief, Defendant has made or authorized construction and accessibility alterations to the commercial space which houses the public accommodations owns or operates a public accommodation located at 501 W. 161st Street, New York, NY on or after March 15, 2012.

37. Since June 2021, Plaintiff had visited Defendant's public accommodations multiple times. However, was unable to enter because of the unlawful architectural barriers identified below.

38. Features of Defendant's public accommodation inaccessible to Plaintiff, and others similarly situated, are including but not limited to:

   a. An accessible entrance is not provided within the site from public streets and sidewalks; and public transportation stops to the facility's entrance violation of the 2010 Standards § 206.2.1.

   b. An accessible route of 36 inches is not provided from the public streets and sidewalks to Defendant's entrance in violation of the 1991 Standards § 4.3.2 and 4.3.3; 2010 Standards § 206.2.1.

   c. There does not exist an accessible route to enter its public accommodation in violation of 28 CFR § 36.403(e); 1991 Standards § 4.3.2; 2010 Standards § 402.

    d.    An accessible means of egress is not provided in violation of the 1991 Standards § 4.3.10; 2010 Standards § 207.1.

    e.    The walkway to enter each of Defendant's public accommodation has an unlawful change in level in violation of the 1991 Standards § 4. 5.2; 2010 Standards §§ 303.2.

    f.    There is insufficient maneuvering clearance perpendicular to the entrances of Christian Brokerage Inc. and La Oaxaquena Deli Grocery in violation of the 1991 Standards § 4.13.6, Fig. 25; 2010 Standards § 404.

    g.    The walkway perpendicular to the commercial property which houses the public accommodations at 501 W. 161st Street, New York, NY has excess slope in violation of the 1991 Standards § 4.13.6, 2010 Standards 404.2.4

    h.    A fixed metal bar of the exterior security gate, at the entrance of La Oaxaquena Deli Grocery, Inc., restricts exterior access to the entrance door in violation of the 2010 Standards § 404.2.1.

    i.    Defendants do not provide signage in violation of the 2010 Standards § 216.4 (which provide directions to accessible means of egress) 502.6; 2014 BCCNY 1110.1.

39.    Plaintiff resides less than six blocks from Defendant's public accommodation and is frequently near Defendant's public accommodation.

40.    The removal of existing architectural barriers is readily achievable.

41.    To date, Defendant has failed to remove the architectural barriers.

42.    Plaintiff is deterred from visiting Defendant's public accommodation because of the existing accessibility barriers.

43.    Plaintiff has the intention to return to Christian Brokerage Inc. and La Oaxaquena Deli Grocery once the exterior common area becomes readily accessible to and usable by Plaintiff.

## FIRST CAUSE OF ACTION
### (Violation of the Americans with Disabilities Act)
(Injunctive Relief)

44.    Defendant's commercial space located at 501A W. 161st Street, New York, NY 10032, is a public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181; 28

C.F.R. § 36.104, New York State Human Rights Law § 292(9), and New York City Administrative Code § 8-102(9) ("place or provider of public accommodation").

45. The operation of Defendant's commercial space which houses a public accommodation affects commerce.

46. Defendant has failed to make adequate accommodations and modifications to its public accommodation located a 501A W. 161st Street, New York, NY 10032.

47. Defendant has failed to remove all architectural barriers that are structural in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

48. There exist readily achievable modifications which would make Defendant's public accommodation accessible and readily usable by Plaintiff and all others similarly situated.

49. Defendant failed to make the necessary readily achievable modifications to its public accommodation.

50. Upon information and belief, since 1992, Defendant's public accommodation has undergone alterations to the areas which affects or could affect access to or usability of its place of public accommodation.

51. It is not impossible for Defendant to remove the architectural barriers which exist at its public accommodation.

52. Defendant's public accommodation was first occupied after January 26, 1993. (new construction requirements).

53. Defendant failed to design and construct its public accommodation that is readily accessible to and usable by Plaintiff in violation of 42 U.S. Code § 12183(a)(1).

54. It is not structurally impracticable for Defendant's public accommodation to be accessible.

55. Defendant failed to alter its public accommodation to the maximum extent feasible in violation of 42 U.S. Code § 12183(a)(2).

56. Defendant's public accommodation is not fully accessible to, or readily useable by individuals with disabilities.

57. Defendant has discriminated against Plaintiff, and all others similarly situated, on the basis of their disability, in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of its public accommodation in violation of 42 U.S. Code § 12182(a).

58. Defendant has subjected Plaintiff, and all others similarly situated, on the basis of their disability, directly, or through contractual, licensing, or other arrangements, denial of the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of Defendant in violation of 42 U.S. Code § 12182(b)(1)(A)(i).

59. Defendant has afforded Plaintiff, and all others similarly situated, on the basis of their disability, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals in violation of 42 U.S. Code § 12182(b)(1)(A)(ii).

60. Defendant has provided Plaintiff, and all others similarly situated, on the basis of their disability, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals in violation of 42 U.S. Code § 12182(b)(1)(A)(ii).

61. Defendant has not afforded plaintiff, and all others similarly situated, the goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate in violation of 42 U.S. Code § 12182(b)(1)(B).

62. Defendant has denied Plaintiff, and all others similarly situated, the opportunity to participate in such program or activities that is not separate or different in violation 42 U.S. Code § 12182(b)(1)(C).

63. Defendant has imposed or applied an eligibility criteria that screened out or tended to screen out Plaintiff, and all others similarly situated, from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations being offered in violation of 42 U.S. Code § 12182(b)(2)(A)(i).

64. Defendant has failed to make reasonable modifications in their policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to Plaintiff in violation of 42 U.S. Code § 12182(b)(2)(A)(ii).

65. Defendant should have achieved accessibility by January 26, 1992.

66. The barriers to access Defendant's public accommodation continue to exist.

67. Reasonable accommodations exist which do not impose an undue hardship on the operation of the Defendant's program or activity.

68. Reasonable accommodations could be made which do not fundamentally alter the nature of the Defendant's program or activity.

## SECOND CAUSE OF ACTION
### (Violations of New York State Human Rights Law)

(Injunctive Relief and Damages on Behalf of Plaintiff)

69. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

70. The commercial space located at 501A W. 161st Street, New York, NY 10032 is a public accommodation within the meaning of New York State Human Rights Law § 292(9).

71. Defendant has not provided Plaintiff and others similarly situated with evenhanded treatment in violation of New York State Human Rights Law § 296.

72. Defendant's direct or indirect unevenhanded treatment of Plaintiff and others similarly situated is demonstrated when he was segregated from all other customers.

73. Defendant has, because of Plaintiff's disability, directly or indirectly, refused, withheld from or denied Plaintiff any of the accommodations, advantages, facilities or privileges of their public accommodation.

74. Defendant has demonstrated that the patronage or custom thereat of Plaintiff and others similarly situated, is unwelcome, objectionable or not acceptable, desired or solicited.

75. Defendant and its agents discriminated against Plaintiff in violation of New York State Human Rights Law § 296.

76. Defendant discriminated against Plaintiff by creating, fostering, and otherwise failing to prevent or remedy the discrimination against Plaintiff, in violation of New York State Human Rights Law § 296.

77. As a direct and proximate result of the disability discrimination perpetrated by Defendant in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer mental anguish and emotional distress, including humiliation, mental anguish,

stress, headache and attendant bodily injury, violation of his civil rights, loss of dignity, embarrassment, anxiety, loss of self-esteem and self-confidence, and otherwise sustained injury.

## THIRD CAUSE OF ACTION
### (Violation of New York State Civil Rights Law)
(Statutory Damages on Behalf of Plaintiff)

78. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

79. On the basis of Plaintiff's disability, Defendant has violated her Civil Rights.

80. Consequently, Plaintiff is entitled to recover the penalty prescribed by Civil Rights Law § 40-c and 40-d, in the amount of $500 for each and every violation.

81. Pursuant to NY Civil Rights law, Defendant is guilty of a class A misdemeanor.

82. Notice of the action has been served upon the Attorney-General as required by Civil Rights Law § 40-d.

## FOURTH CAUSE OF ACTION
### (Disability Discrimination in Violations of NYC Human Rights Law)
(Injunctive Relief and Damages on Behalf of Plaintiff)

83. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

84. 501A W. 161st Street, New York, NY 10032 is a place or provider of public accommodation within the meaning of New York City Administrative Code § 8-102(9).

85. Defendant's refusal, withheld from or denial to a disabled person the full and equal enjoyment, on equal terms and conditions, of any of the accommodations, advantages, services, facilities or privileges of the place or provider of public accommodation constitutes discrimination in violation of New York City Admin. Code § 8-107(4).

86. Defendant's practice to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of such person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by NYC Human Rights Law constitutes discrimination in violation of New York City Human Rights Law, Administrative Code § 8-107(19).

87. In violation of New York City Admin. Code, Defendant has unlawfully discriminated against Plaintiff and all others similarly situated.

88. In violation of New York City Admin. Code, the owner, lessee, proprietor, manager, agent and employee of Defendant's public accommodation, have, because of the actual or perceived disability of the Plaintiff, directly or indirectly, refused, withheld from and denied Plaintiff the accommodations, advantages, facilities or privileges thereof.

89. In violation of New York City Admin. Code, on the basis of Plaintiff's disability, Defendant has demonstrated that the patronage or custom of Plaintiff and all others similarly situated, is unwelcome, objectionable, and not acceptable.

90. Pursuant to New York City Human Rights Law § 8-502, notice of this action has been served upon New York City's Commission on Human Rights.

91. As a direct and proximate result of Defendant disability discrimination in violation of the New York City Human Rights Law, Plaintiff has suffered and continues to suffer mental anguish and emotional distress, including but not limited to, humiliation, mental anguish, stress, headache and attendant bodily injury, violation of his civil rights, loss of dignity, embarrassment, anxiety, loss of self-esteem and self-confidence, and otherwise sustained injury.

## FIFTH CAUSE OF ACTION
**(Failure to Reasonably Accommodate in violation of NYC Human Rights Law § 8-107(15))**
(Injunctive Relief and Damages on Behalf of Plaintiff)

92. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

93. Reasonable accommodations and modifications are necessary to enable Plaintiff and all others similarly situated the ability to enjoy the non-restricted access and use of the public accommodation in question.

94. The conduct of Defendant constitutes a failure to provide Plaintiff reasonable accommodations and modifications in violation of NYC Human Rights Law 8-107(15).

95. In violation of New York City Human Rights Law 8-102(4) and (18), and 8-107(4) and 8-107(15), Defendant has not reasonably accommodated Plaintiff and others similarly situated.

96. In violation of New York City Admin. Code, Defendant has unlawfully discriminated against Plaintiff and all others similarly situated.

97. The conduct of Defendant constitute discrimination for refusal, or otherwise failure to engage in good faith in a cooperative dialogue within a reasonable time with a person who has requested an accommodation or who the covered entity has notice may require an accommodation related to disability in violation of New York City Human Rights Law, Administrative Code § 8-107(28)(c).

98. Reasonable accommodations and modifications are necessary to enable Plaintiff and all others similarly situated the ability to enjoy non-restricted access and use of the public accommodation in question.

99. As a direct and proximate result of Defendant disability discrimination in violation of the New York City Human Rights Law, Plaintiff has suffered and continues to suffer mental

14

anguish and emotional distress, including but not limited to depression, humiliation, stress, embarrassment, anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

## SIXTH CAUSE OF ACTION
### (Declaratory Relief)

100.   Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

101.   Plaintiff is entitled to a declaratory judgment concerning the violations committed by Defendant specifying the rights of Plaintiff and other persons similarly situated as to the policies, practices, procedures, facilities, goods and services provided by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief from the Court:

A.   Certify this case as a class action;

B.   Issue a permanent injunction 1) proscribing disability discrimination, 2) requiring Defendant to alter its public accommodation making it readily accessible to and usable to individuals with disabilities, and 3) compelling Defendant to make all necessary modifications to Defendant's policies or practices so that Plaintiff will not be subject to further discrimination, in accordance with New York State Human Rights Law, New York City Administrative Code, and Title III of the ADA.

C.   Enter declaratory judgment specifying Defendant's conduct as alleged here has violated, and continues to violate, Title III of the ADA, New York State law, and New York City Administrative Code, and its implementing regulations and declaring the rights of

15

Plaintiff and other persons similarly situated as to the policies, practices, procedures, facilities, goods and services offered by Defendant to the public.

D.     Pursuant to New York State Civil Rights Law § 40-c and 40-d, hold Defendant liable for $500 for *each* and every violation.

E.     Pursuant to New York State Civil Rights Law § 40-d, find Defendant guilty of a class A misdemeanor for violating New York State civil rights law.

F.     The court retain jurisdiction over the Defendant until the court is satisfied that the Defendant's unlawful practices, acts and omissions no longer exist and will not reoccur.

G.     Award Plaintiff compensatory damages in the amount to be determined at trial for Defendant's violation of New York State Human Rights Law and New York City Administrative Code.

H.     Award Plaintiff punitive damages in the amount to be determined at trial for Defendant's violation of New York State Human Rights Law and New York City Administrative Code.

I.     Find that Plaintiff is a prevailing party in this litigation and award reasonable attorney fees, costs and expenses, and such other and further relief, at law or in equity, to which the Plaintiff and other persons similarly situated may be justly entitled.

Dated: March 25, 2022

LAW OFFICES OF JAMES E. BAHAMONDE, P.C.

X_____*J-B*_____

JAMES E. BAHAMONDE, ESQ.

> Attorney for the Plaintiff(s)
> Tel:  (646) 290-8258
> Fax: (646) 435-4376
> E-mail:  james@civilrightsNY.com